Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste. 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIOVANNA ROSE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC. and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) California Penal Code § 632;**<br>**(2) California Penal Code § 632.7**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, GIOVANNA ROSE ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought on behalf of all individuals in California whose telephone conversations with Defendant, FINANCIAL RECOVERY

SERVICES, INC. ("Defendant" or "FRS") were recorded by FRS without their knowledge or consent.

2. GIOVANNA ROSE ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FRS and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy.

3. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendants continue to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

4. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Minnesota state. Plaintiff also seeks up to $5,000.00 in damages for each call in violation of the Penal Code § 632.7 as provided by § 637.2(a), which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the county of Los Angeles.

**PARTIES**

7. Plaintiff, GIOVANNA ROSE ("Plaintiff") is a natural person residing in Los Angeles County in the State of California.

8. Defendant, FINANCIAL REOCVERY SERVICES INC. ("Defendant" or "FRS") is a leader in consumer debt recovery. FRS, on behalf of creditors and third party debt buyers, collects on defaulted consumer receivables and uses a variety of operation channels to maximize its collections on consumer debts.

9. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible

for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11. Beginning in or around June of 2017, Defendant began contacting Plaintiff by telephone in an attempt to collect an alleged debt owed. During this time, Plaintiff had at least one (1) telephone communication with certain employees, officers and/or agents of Defendant via Plaintiff's personal cellular telephone. Plaintiff is informed and believes, and thereon alleges, that Defendant first obtains highly personal and confidential information from California consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

12. Specifically, in or around June of 2017, Plaintiff contacted Defendant via Plaintiff's personal cellular telephone in order to inquire about the purpose and reason for Defendant's calls. Defendant, during the length of the call, did not inform Plaintiff that the call was recorded, even after Plaintiff divulged highly sensitive and personal information to Defendant.

13. During this conversation with Defendant, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

14. Plaintiff had no reasonable expectation that any part of Plaintiff's cellular telephone conversation with Defendant would be monitored, recorded and/or eavesdropped upon due to the private subject matter being discussed. Should Plaintiff have known that said conversation was being recorded, Plaintiff would have conducted and spoken differently to the representative of Defendant.

15. Plaintiff was shocked to discover that such a confidential communication was being monitored, recorded and/or eavesdropped upon by Defendant without Plaintiff's knowledge or consent.

16. At no time during the June 2017 call did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

17. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

18. Plaintiff is informed and believes, and thereon alleges that Defendant has installed and/or caused to be installed certain eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listen to each and every telephone conversation on said telephone lines.

19. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

///

**CLASS ALLEGATIONS**

20. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

21. Plaintiff represents, and is a member of, "The Class" defined as follows:

> All persons in California whose recorded cellular telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by Defendant within one (1) year prior to the filing of the original Complaint in this action.

22. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls to/from a consumer's cellular phone;

b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations were being recorded, eavesdropped upon and/or monitored;

c. Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing cellular calls constituted a violation of California Penal Code §§632(a), 632.7; and 637;

d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

27. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims.

28. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

30. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF PENAL CODE §632**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

33. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

34. Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

35. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

36. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

37. At no time during which these telephone conversations were taking place between Defendants or any employee, agent, manager, officer, or director of Defendants, and any other person, did Defendants inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

38. Defendants, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, et seq., did intrude on Plaintiff and the members of

The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendants on the other hand, as alleged herein above.

39. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

40. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF PENAL CODE § 632.7**

41. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

42. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

43. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

44. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

45. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

46. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

47. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class, pursuant to § 637.2(a);

c. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

d. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation

with California resident, including Plaintiff and The Class without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

e. For exemplary or punitive damages;

f. For costs of suit;

g. For prejudgment interest at the legal rate; and

h. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

48. Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated: April 8, 2018 **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

**s/Todd M. Friedman**
Todd M. Friedman
Attorneys for Plaintiff